IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAROL ARROYO, KACEY ADAMS, | **PLAINTIFFS** |

CAROL ARROYO, KACEY ADAMS,
LEKE ADEWUNMI, ALEJANDRO AIZPRUA,
SAMUEL ALLEN, HENRY ARMSTRONG,
MUSEDIQ AYODELE, SUNDAY BABALOLA,
JAMES BAILEY, CHRIS BARNARD,
JANET BAULDWIN, LEROY BELCHER,
ROBERT BLISS, GEORGIA BOATRIGHT,
LaCHER BRANSCOMB, CANDY BROADWAY,
JAMES BULLARD, AMBER BURNS,
CORY BURNS, SANDY CAMERO, THOMAS CARR,
KRISTEN CHINCHILLA-FERNANDEZ,
GARY CLARK, CARLOS CORONA,
GLORIA DAVIS, ELIZABETH FISCHER,
ROSE FLOURNOY, FLAVIO GARDEA, JR.,
CHARLES GENTRY, RAQUEL GONZALES,
SHANE GORDON, RITA GRAVES, LARRY GREEN,
TOMMY GREGORY, ELENA HARRISON,
REBECCA HARRISON, CHELI HAYNES,
SHANELLE HORTON, FREDERICK HOUSLEY,
STEPHANIE HUDSON, JAMES JONES,
TAMMY JONES, CHARLES KARANJA,
TIMOTHY KELLEHER, SYNNA KENT,
BRIAN KING, RODERICK KNIGHT,
BARBARA LEE, KHALED ABDUL MAJID,
ASLEY MARRERO, PETER MBUGUA,
JULIE McGACHEY, KENNY McGLAUN,
JOHN MIHALTSES, WILLIAM MILLER,
JESUS MONGE, LONNIE MOORE,
ANTHONY MORENO, EVANT MOTEN, JOB MUYA,
FRANCIS NDIBUI, THOMAS NICHOLS,
MADELIN NOBOA, AARON OBO, NILSON OZUNA,
OLIVIA PACE, SAUL PALACIO,
CHRISTINA PEREZ, AENOY PHANVILAY,
CYNTHIA POLLET, TREY RASH,
KIMBERLY RHODES, PHILLIP RIDEAU,
GERTRUDE ROCHE, SUSAN ROGERS,
DENISHIA ROLLINS, CASSIE ROSS,
MICHAEL SAGER, DeSHAMUS SALLIS,
JOHN SANDOVAL, PUNYA SINGH,
ARCHIE SMITH, CESAR SOLIS, CARL SPEAKS,
BRITTANY STEPHENS, CINDY SULZER,

**TOGAMALEI TAASE, GLENN THROCKMORTON,
LOUISE TRUITT, MEREDITH TURNER,
RAYLAND WALKER, VICKIE WALKER,
JANICE WEBB, LORI WHITFIELD,
MICHELLE WILKERSON, ALICE WILLIAMS,
KAREN WILLIAMS, GLENN WILLIS,
TAMMIE WOODS, TONY YOUNG and
NOE ZEPEDA, JR.**

**vs.**                                    4:18-cv-10

**EXPRESS COURIER INTERNATIONAL, INC.,**                    **DEFENDANTS**
**and EMP LSO HOLDING CORPORATION**

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Carol Arroyo, Kacey Adams, Leke Adewunmi, Alejandro Aizprua, Samuel Allen, Henry Armstrong, Musediq Ayodele, Sunday Babalola, James Bailey, Chris Barnard, Janet Bauldwin, Leroy Belcher, Robert Bliss, Georgia Boatright, Lacher Branscomb, Candy Broadway, James Bullard, Amber Burns, Cory Burns, Sandy Camero, Thomas Carr, Kristen Chinchilla-Fernandez, Gary Clark, Carlos Corona, Gloria Davis, Elizabeth Fischer, Rose Flournoy, Flavio Gardea, Jr., Charles Gentry, Raquel Gonzales, Shane Gordon, Rita Graves, Larry Green, Tommy Gregory, Elena Harrison, Rebecca Harrison, Cheli Haynes, Shanelle Horton, Frederick Housley, Stephanie Hudson, James Jones, Tammy Jones, Charles Karanja, Timothy Kelleher, Synna Kent, Brian King, Roderick Knight, Barbara Lee, Khaled Abdul Majid, Asley Marrero, Peter Mbugua, Julie Mcgachey, Kenny Mcglaun, John Mihaltses, William Miller, Jesus Monge, Lonnie Moore, Anthony Moreno, Evant Moten, Job Muya, Francis Ndibui, Thomas Nichols, Madelin Noboa, Aaron Obo, Nilson Ozuna, Olivia Pace, Saul Palacio, Christina

Perez, Aenoy Phanvilay, Cynthia Pollet, Trey Rash, Kimberly Rhodes, Phillip Rideau, Gertrude Roche, Susan Rogers, Denishia Rollins, Cassie Ross, Michael Sager, Deshamus Sallis, John Sandoval, Punya Singh, Archie Smith, Cesar Solis, Carl Speaks, Brittany Stephens, Cindy Sulzer, Togamalei Taase, Glenn Throckmorton, Louise Truitt, Meredith Turner, Rayland Walker, Vickie Walker, Janice Webb, Lori Whitfield, Michelle Wilkerson, Alice Williams, Karen Williams, Glenn Willis, Tammie Woods, Tony Young and Noe Zepeda, Jr. ("Plaintiffs"), by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint ("Complaint") against Defendants Express Courier International, Inc., and EMP LSO Holding Corporation (hereinafter collectively referred to as "Defendant"), and in support thereof does hereby state and allege as follows:

## I.  PRELIMINARY STATEMENTS

1.      Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs, as a result of Defendant's failure to pay Plaintiffs minimum and overtime wages as required by law.

## II.  JURISDICTION AND VENUE

2.      The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.      Defendant conducts business within the State of Texas, providing courier/delivery services within the State of Texas.

4.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5.      A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiffs within the Houston Division of the Southern District of Texas; venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.    THE PARTIES

6.      Plaintiff Carol Arroyo is an individual and resident of Texas.

7.      Plaintiff Kacey Adams is an individual and resident of Texas.

8.      Plaintiff Leke Adewunmi is an individual and resident of Texas.

9.      Plaintiff Alejandro Aizprua is an individual and resident of Texas.

10.     Plaintiff Samuel Allen is an individual and resident of Texas.

11.     Plaintiff Henry Armstrong is an individual and resident of Texas.

12.     Plaintiff Musediq Ayodele is an individual and resident of Texas.

13.     Plaintiff Sunday Babalola is an individual and resident of Texas.

14.     Plaintiff James Bailey is an individual and resident of Texas.

15.     Plaintiff Chris Barnard is an individual and resident of Texas.

16.     Plaintiff Janet Bauldwin is an individual and resident of Texas.

17.     Plaintiff Leroy Belcher is an individual and resident of Texas.

18.     Plaintiff Robert Bliss is an individual and resident of Texas.

19.     Plaintiff Georgia Boatright is an individual and resident of Texas.

20.     Plaintiff Lacher Branscomb is an individual and resident of Texas.

21.     Plaintiff Candy Broadway is an individual and resident of Texas.

22.     Plaintiff James Bullard is an individual and resident of Texas.

23.     Plaintiff Amber Burns is an individual and resident of Texas.

24.     Plantiff Cory Burns is an individual and resident of Texas.

25.     Plaintiff Sandy Camero is an individual and resident of Texas.

26.     Plaintiff Thomas Carr is an individual and resident of Texas.

27.     Plaintiff Kristen Chinchilla-Fernandez is an individual and resident of Texas.

28.     Plaintiff Gary Clark is an individual and resident of Texas.

29.     Plaintiff Carlos Corona is an individual and resident of Texas.

30.     Plaintiff Gloria Davis is an individual and resident of Texas.

31.     Plaintiff Elizabeth Fischer is an individual and resident of Texas.

32.     Plaintiff Rose Flournoy is an individual and resident of Texas.

33.     Plaintiff Flavio Gardea, Jr. is an individual and resident of Texas.

34.     Plaintiff Charles Gentry is an individual and resident of Texas.

35.     Plaintiff Raquel Gonzales is an individual and resident of Texas.

36.     Plaintiff Shane Gordon is an individual and resident of Texas.

37.     Plaintiff Rita Graves is an individual and resident of Texas.

38.     Plaintiff Larry Green is an individual and resident of Texas.

39.     Plaintiff Tommy Gregory is an individual and resident of Texas.

40.     Plaintiff Elena Harrison is an individual and resident of Texas.

41.     Plaintiff Rebecca Harrison is an individual and resident of Texas.

42.     Plaintiff Cheli Haynes is an individual and resident of Texas.

43.     Plaintiff Shanelle Horton is an individual and resident of Texas.

44.   Plaintiff Frederick Housley is an individual and resident of Texas.

45.   Plaintiff Stephanie Hudson is an individual and resident of Texas.

46.   Plaintiff James Jones is an individual and resident of Texas.

47.   Plaintiff Tammy Jones is an individual and resident of Texas.

48.   Plaintiff Charles Karanja is an individual and resident of Texas.

49.   Plaintiff Timothy Kelleher is an individual and resident of Texas.

50.   Plaintiff Synna Kent is an individual and resident of Texas.

51.   Plaintiff Brian King is an individual and resident of Texas.

52.   Plaintiff Roderick Knight is an individual and resident of Texas.

53.   Plaintiff Barbara Lee is an individual and resident of Texas.

54.   Plaintiff Khaled Abdul Majid is an individual and resident of Texas.

55.   Plaintiff Asley Marrero is an individual and resident of Texas.

56.   Plaintiff Peter Mbugua is an individual and resident of Texas.

57.   Plaintiff Julie Mcgachey is an individual and resident of Texas.

58.   Plaintiff Kenny Mcglaun is an individual and resident of Texas.

59.   Plaintiff John Mihaltses is an individual and resident of Texas.

60.   Plaintiff William Miller is an individual and resident of Texas.

61.   Plaintiff Jesus Monge is an individual and resident of Texas.

62.   Plaintiff Lonnie Moore is an individual and resident of Texas.

63.   Plaintiff Anthony Moreno is an individual and resident of Texas.

64.   Plaintiff Evant Moten is an individual and resident of Texas.

65.   Plaintiff Job Muya is an individual and resident of Texas.

66.   Plaintiff Francis Ndibui is an individual and resident of Texas.

67.   Plaintiff Thomas Nichols is an individual and resident of Texas.

68.   Plaintiff Madelin Noboa is an individual and resident of Texas.

69.   Plaintiff Aaron Obo is an individual and resident of Texas.

70.   Plaintiff Nilson Ozuna is an individual and resident of Texas.

71.   Plaintiff Olivia Pace is an individual and resident of Texas.

72.   Plaintiff Saul Palacio is an individual and resident of Texas.

73.   Plaintiff Christina Perez is an individual and resident of Texas.

74.   Plaintiff Aenoy Phanvilay is an individual and resident of Texas.

75.   Plaintiff Cynthia Pollet is an individual and resident of Texas.

76.   Plaintiff Trey Rash is an individual and resident of Texas.

77.   Plaintiff Kimberly Rhodes is an individual and resident of Texas.

78.   Plaintiff Phillip Rideau is an individual and resident of Texas.

79.   Plaintiff Gertrude Roche is an individual and resident of Texas.

80.   Plaintiff Susan Rogers is an individual and resident of Texas.

81.   Plaintiff Denishia Rollins is an individual and resident of Texas.

82.   Plaintiff Cassie Ross is an individual and resident of Texas.

83.   Plaintiff Michael Sager is an individual and resident of Texas.

84.   Plaintiff Deshamus Sallis is an individual and resident of Texas.

85.   Plaintiff John Sandoval is an individual and resident of Texas.

86.   Plaintiff Punya Singh is an individual and resident of Texas.

87.   Plaintiff Archie Smith is an individual and resident of Texas.

88.   Plaintiff Cesar Solis is an individual and resident of Texas.

89.   Plaintiff Carl Speaks is an individual and resident of Texas.

90.    Plaintiff Brittany Stephens is an individual and resident of Texas.

91.    Plaintiff Cindy Sulzer is an individual and resident of Texas.

92.    Plaintiff Togamalei Taase is an individual and resident of Texas.

93.    Plaintiff Glenn Throckmorton is an individual and resident of Texas.

94.    Plaintiff Louise Truitt is an individual and resident of Texas.

95.    Plaintiff Meredith Turner is an individual and resident of Texas.

96.    Plaintiff Rayland Walker is an individual and resident of Texas.

97.    Plaintiff Vickie Walker is an individual and resident of Texas.

98.    Plaintiff Janice Webb is an individual and resident of Texas.

99.    Plaintiff Lori Whitfield is an individual and resident of Texas.

100.    Plaintiff Michelle Wilkerson is an individual and resident of Texas.

101.    Plaintiff Alice Williams is an individual and resident of Texas.

102.    Plaintiff Karen Williams is an individual and resident of Texas.

103.    Plaintiff Glenn Willis is an individual and resident of Texas.

104.    Plaintiff Tammie Woods is an individual and resident of Texas.

105.    Plaintiff Tony Young is an individual and resident of Texas.

106.    Plaintiff Noe Zepeda, Jr. is an individual and resident of Texas.

107.    At all times relevant to this Complaint, each Plaintiff performed courier services for Defendant within the State of Texas.

108.    Defendant Express Courier International, Inc. ("Express"), is a foreign, for-profit corporation, registered to conduct business within the State of Texas.

109.    Express has designated C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, to accept service on its behalf.

110.    Defendant EMP LSO Holding Corporation ("LSO") is a foreign, for-profit corporation, registered to conduct business within the State of Texas.

111.    LSO has designated George Stephens at 6500 River Place Boulevard, Building II, Suite 105, Austin, Texas 78730, to accept service on its behalf.

112.    Defendant provides on-demand and scheduled courier services.

113.    Defendant's primary business purpose is to provide courier/delivery services, and Defendant engages couriers/drivers to accomplish this goal.

114.    Courier/delivery services are at least one integral part of Defendant's business.

115.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

116.    Defendant has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including, but not limited to, medical supplies and bio-materials, office supplies, auto parts, manufactured goods, or office equipment for the benefit of Defendant.

## IV.    FACTUAL ALLEGATIONS

117.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

118.    To carry out Defendant's courier/delivery services, Defendant contracted with couriers/drivers (referred to herein as "couriers" or "drivers") during the relevant time.

119.    Each Plaintiff performed the basic duties of a courier during the relevant time.

120.    The basic duties of a courier include transporting and delivering packages to Defendant's customers.

121.    To support its delivery business, Defendant maintained a hierarchy of corporate level employees to oversee numerous field "branches," which were located throughout the southeastern United States and were divided into regions.

122.    At the corporate level, Defendant maintained an operations department, a compliance department, an accounting department, a marketing department, an information-technology department, and an insurance department.

123.    Defendant's compliance department was responsible for determining what was required to conduct Defendant's courier services in compliance with applicable laws and communicating those requirements to Defendant's branches.

124.    The compliance department was in charge of preparation, maintenance and use of Defendant's standard Agreement.

125.    Defendant's compliance department was also responsible for processing all applications to become drivers and vetting them for minimum requirements.

126.    Defendant's corporate office had a Director of Business Analytics whose job was to help the branch run more efficiently or perform research to improve business operations.

127.    Defendant also employed a Director of Operations to support branches and sales by mining data and running reports for the company for maximizing profits.

128.   Defendant also maintained a corporate-level dispatch office, with an attachment of "Central Ops Specialists," whose job was to monitor customer requirements and make sure customer expectations were met.

129.   Each branch had a senior employee in charge of the branch and drivers.

130.   Branch Managers were responsible to ensure that Plaintiffs were operating under applicable company, federal and state rules, regulations and operating procedures.

131.   Branch Managers were also responsible to ensure that customers were receiving quality delivery services and that deliveries were made on time.

132.   Branch Managers were required to facilitate branch standards reporting to Defendant's corporate office regarding how satisfied customers were with drivers' delivery performance.

133.   Defendant required Branch Managers to have management skills that would allow them to ensure that drivers delivered packages on time and that customers were satisfied and to bring in new customers or sell services.

134.   Branch Managers or whoever else was in charge of the facility had the authority to terminate Plaintiffs.

135.   Branch Managers were also tasked with managing the branch within budgeted guidelines from Defendant's corporate office and the parameters set by the Regional Director.

136.   Branch Managers were also responsible for maintaining a positive and safe working environment for individuals working at the branch, which included drivers.

137.   Branch Managers were in charge of assigning the routes to drivers.

138.    Branch Managers, not drivers, were responsible for setting long and short-term business objectives.

139.    Defendant treated each Plaintiff as an "independent contractor" for purposes of the FLSA.

140.    Defendant required each and every potential courier to enter into a standard agreement, which Defendant called an "independent contractor agreement" or "owner-operator agreement."

141.    No Plaintiffs were involved in drafting the terms of Defendant's standard agreement.

142.    Defendant required each driver to satisfy whatever needs and requirements Defendant's customers had.

143.    All drivers were hired to work for Defendant for an indefinite period of time.

144.    Defendant expected each Plaintiff to wear a photo identification badge.

145.    Plaintiffs were expected to follow Defendant's dress code and guidelines.

146.    Defendant leased warehouses in which drivers picked-up parcels for delivery.

147.    No drivers shared in Defendant's profits.

148.    No drivers shared in Defendant's losses.

149.    Defendant paid drivers through a combination of piece rates, route rates or delivery rates.

150.    Defendant entered into contracts with their customers, and no drivers signed contracts with Defendant's customers.

151.    Defendant set prices to its customers for certain types of packages or delivery routes without driver input or negotiation.

152.    Defendant determined where to locate Defendant's branches and offices without driver input.

153.    Defendant made decisions on advertising Defendant's business without driver input.

154.    Plaintiffs did not advertise themselves as independent businesses.

155.    Defendant made decisions on what new business to pursue or take without driver input.

156.    Drivers did not negotiate contracts or prices with Defendant's customers.

157.    Defendant expected drivers to follow Defendant's policies regarding how to track deliveries.

158.    Defendant's standard agreement required drivers to obtain and maintain certain types of insurance.

159.    Defendant's standard agreement required drivers to use communication equipment that was compatible with Defendant's operating system.

160.    Defendant's standard agreement gave Defendant the sole discretion to investigate, adjudicate and charge drivers for delays, shortages, mis-deliveries, and claims related to lost, damaged or contaminated loads.

161.    Defendant's standard agreement required drivers to obtain written consent from Defendant before operating their vehicles for another motor carrier.

162.   If a customer had a complaint about any driver, the customer was supposed to complain to someone at the branch or to corporate headquarters, not to the driver.

163.   Defendant generally did not pay any drivers any overtime premium for hours that they worked over forty hours per week.

164.   If any driver worked more than forty hours per week, Defendant's policy was not to pay that driver an overtime premium of one and one half times the driver's regular rate for the hours over forty.

165.   Defendant had a general practice keeping no contemporaneous records of time that drivers performed courier/delivery services on Defendant's behalf.

166.   After deducting for expenses related to the operation of at least some Plaintiffs' vehicles in the course of performing job duties for Defendant, some Plaintiffs' pay regularly fell below the minimum wages required by the FLSA.

167.   Defendant knew or should have known that the job duties of Plaintiffs required Plaintiffs to work hours in excess of forty per week, yet Defendant failed and refused to compensate Plaintiffs for their work as required by the FLSA.

168.   At all times relevant hereto, Defendant was aware of the minimum wage and overtime requirements of the FLSA.

169.   Defendant purposefully and knowingly classified drivers as "independent contractors."

## VI.   CAUSE OF ACTION
### (Individual Claims for FLSA Violations)

170.   Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

171.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

172.    Defendant misclassified all Plaintiffs as independent contractors.

173.    The costs that Plaintiffs incurred, including, but not limited to, use of their own vehicles, for the benefit of Defendant, caused some Plaintiffs' free and clear pay to fall below minimum wages.

174.    Defendant also unlawfully refrained from paying Plaintiffs an overtime premium for hours over forty per week.

175.    Defendant's failure to pay each Plaintiff all minimum and overtime wages owed and failure to reimburse Plaintiff's work-related vehicle expenses was willful.

176.    By reason of the unlawful acts alleged herein, Defendant is liable to each Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Carol Arroyo, Kacey Adams, Leke Adewunmi, Alejandro Aizprua, Samuel Allen, Henry Armstrong, Musediq Ayodele, Sunday Babalola, James Bailey, Chris Barnard, Janet Bauldwin, Leroy Belcher, Robert Bliss, Georgia Boatright, Lacher Branscomb, Candy Broadway, James Bullard, Amber Burns, Cory Burns, Sandy Camero, Thomas Carr, Kristen Chinchilla-Fernandez, Gary

Clark, Carlos Corona, Gloria Davis, Elizabeth Fischer, Rose Flournoy, Flavio Gardea, Jr., Charles Gentry, Raquel Gonzales, Shane Gordon, Rita Graves, Larry Green, Tommy Gregory, Elena Harrison, Rebecca Harrison, Cheli Haynes, Shanelle Horton, Frederick Housley, Stephanie Hudson, James Jones, Tammy Jones, Charles Karanja, Timothy Kelleher, Synna Kent, Brian King, Roderick Knight, Barbara Lee, Khaled Abdul Majid, Asley Marrero, Peter Mbugua, Julie Mcgachey, Kenny Mcglaun, John Mihaltses, William Miller, Jesus Monge, Lonnie Moore, Anthony Moreno, Evant Moten, Job Muya, Francis Ndibui, Thomas Nichols, Madelin Noboa, Aaron Obo, Nilson Ozuna, Olivia Pace, Saul Palacio, Christina Perez, Aenoy Phanvilay, Cynthia Pollet, Trey Rash, Kimberly Rhodes, Phillip Rideau, Gertrude Roche, Susan Rogers, Denishia Rollins, Cassie Ross, Michael Sager, Deshamus Sallis, John Sandoval, Punya Singh, Archie Smith, Cesar Solis, Carl Speaks, Brittany Stephens, Cindy Sulzer, Togamalei Taase, Glenn Throckmorton, Louise Truitt, Meredith Turner, Rayland Walker, Vickie Walker, Janice Webb, Lori Whitfield, Michelle Wilkerson, Alice Williams, Karen Williams, Glenn Willis, Tammie Woods, Tony Young and Noe Zepeda, Jr., respectfully pray for declaratory relief and damages as follows:

A.     That each Defendant be summoned to appear and answer herein;

B.     That each Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

C.     A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations;

D.     Judgment for damages for all unpaid minimum wages and overtime compensation under the FLSA and attendant regulations;

E.      Judgment for liquidated damages pursuant to the same laws in an amount equal to all unpaid minimum wages and overtime compensation owed to Plaintiffs during the applicable statutory period;

F.      An order directing Defendant to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action;

G.      A trial by jury; and

H.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CAROL ARROYO, KACEY ADAMS, LEKE ADEWUNMI, ALEJANDRO AIZPRUA, SAMUEL ALLEN, HENRY ARMSTRONG, MUSEDIQ AYODELE, SUNDAY BABALOLA, JAMES BAILEY, CHRIS BARNARD, JANET BAULDWIN, LEROY BELCHER, ROBERT BLISS, GEORGIA BOATRIGHT, LaCHER BRANSCOMB, CANDY BROADWAY, JAMES BULLARD, AMBER BURNS, CORY BURNS, SANDY CAMERO, THOMAS CARR, KRISTEN CHINCHILLA-FERNANDEZ, GARY CLARK, CARLOS CORONA, GLORIA DAVIS, ELIZABETH FISCHER, ROSE FLOURNOY, FLAVIO GARDEA, JR., CHARLES GENTRY, RAQUEL GONZALES, SHANE GORDON, RITA GRAVES, LARRY GREEN, TOMMY GREGORY, ELENA HARRISON, REBECCA HARRISON, CHELI HAYNES, SHANELLE HORTON, FREDERICK HOUSLEY, STEPHANIE HUDSON, JAMES JONES, TAMMY JONES, CHARLES KARANJA, TIMOTHY KELLEHER, SYNNA KENT, BRIAN KING, RODERICK KNIGHT, BARBARA LEE, KHALED ABDUL MAJID, ASLEY MARRERO, PETER MBUGUA, JULIE McGACHEY, KENNY McGLAUN, JOHN MIHALTSES,**

**WILLIAM MILLER, JESUS MONGE, LONNIE MOORE, ANTHONY MORENO, EVANT MOTEN, JOB MUYA, FRANCIS NDIBUI, THOMAS NICHOLS, MADELIN NOBOA, AARON OBO, NILSON OZUNA, OLIVIA PACE, SAUL ALACIO, CHRISTINA PEREZ, AENOY PHANVILAY, CYNTHIA POLLET, TREY RASH, KIMBERLY RHODES, PHILLIP RIDEAU, GERTRUDE ROCHE, SUSAN ROGERS, DENISHIA ROLLINS, CASSIE ROSS, MICHAEL SAGER, DeSHAMUS SALLIS, JOHN SANDOVAL, PUNYA SINGH, ARCHIE SMITH, CESAR SOLIS, CARL SPEAKS, BRITTANY STEPHENS, CINDY SULZER, TOGAMALEI TAASE, GLENN THROCKMORTON, LOUISE TRUITT, MEREDITH TURNER, RAYLAND WALKER, VICKIE WALKER, JANICE WEBB, LORI WHITFIELD, MICHELLE WILKERSON, ALICE WILLIAMS, KAREN WILLIAMS, GLENN WILLIS, TAMMIE WOODS, TONY YOUNG and NOE ZEPEDA, JR., PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:   /s/ Josh Sanford
      Josh Sanford
      Tex. Bar No. 24077858
      josh@sanfordlawfirm.com